# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-381-JDR-JFJ

August Wakat,

*Plaintiff*,

*versus*

Lamar Advertising Co.; Patrick Selcer,

*Defendants*.

## OPINION AND ORDER

Pro se[1] Plaintiff August Wakat claims that Defendant Lamar Advertising Co.'s billboard on his property violates federal law. Dk. 2. He has moved to proceed in forma pauperis [Dkt. 3] and asked for leave to file electronically [Dkt. 6]. The Court will address Mr. Wakat's complaint sua sponte because "a complaint may [] be dismissed sua sponte under Fed.R.Civ.P. 12(b)(6) … if it is patently obvious that [plaintiff] could not prevail on the facts alleged and that allowing [plaintiff] an opportunity to amend would be futile." See *Bainum v. Sedgwick Cty. Comm'rs*, 27 F. App'x 965, 970 n.1 (10th Cir. 2001) (citation omitted). His complaint is dismissed.

I

The "well-pleaded complaint" rule requires that federal question jurisdiction appear on the face of the complaint. See *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). "The complaint must identify the statutory

---

[1] Consistent with Supreme Court and Tenth Circuit precedent, the Court will construe Mr. Wakat's pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

or constitutional provision under which the claim arises [ ] and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) (citing *Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980); *Chasis v. Progress Mfg. Co.*, 382 F.2d 773, 776-77 (3d Cir. 1967)). Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *Penteco Corp. Ltd. P'ship---1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

First, Mr. Wakat claims that this Court has jurisdiction under 28 U.S.C. § 1331 because the action "arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 (civil rights violations) and the Highway Beautification Act, codified at 23 U.S.C. § 131 ...." Dkt. 2 at 2. As an initial matter, 23 U.S.C. § 131 does not provide for a private right of action. *See Thomas v. Schroer*, No. 2:13-cv-02987-JPM-cgc, 2016 WL 3648974, at *2 (W.D. Tenn. Mar. 30, 2016); *see also Nat'l Advert. Co. v. City of Ashland, Or.*, 678 F.2d 106, 109 (9th Cir. 1982). Thus, any claim Mr. Wakat attempts to bring pursuant to 23 U.S.C. § 131 is dismissed.

Second, Mr. Wakat asserts a cause of action under 42 U.S.C. § 1983, claiming that Defendant Patrick Selcer, "an agent, employee, and/or officer of Lamar," violated his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments when Mr. Selcer "acted under color of state law in coordination with county officials to deprive [Mr. Wakat] of the use and enjoyment of his property, and to frustrate judicial remedies." Dkt. 2 at 3, 6. But section 1983 only provides a cause of action where the private defendant "represents the state in some capacity." *Schwab v. Kansas Dep't of Child. & Fams.*, 851 F. App'x 110, 117 (10th Cir. 2021). Mr. Wakat's conclusory allegation fails to provide facts to support an inference that Mr. Selcer acted with or on behalf of county officials to violate Mr. Wakat's constitutional rights. *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) ("[M]ere conclusory

No. 25-cv-381

allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."). Mr. Wakat's § 1983 claim against Mr. Selcer is dismissed.

As to Mr. Wakat's state-law claims, he asks the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Dkt. 2 at 2. With no federal claims remaining, the Court cannot exercise supplemental jurisdiction over the state-law claims and they must also be dismissed. Accordingly, the Court will allow Mr. Wakat until August 18, 2025, to amend his complaint. If Mr. Wakat fails to timely file an amended complaint or files a complaint that fails to state a cognizable claim, the Court will dismiss the case. Mr. Wakat is again advised that a filing restriction may be placed on him if he continues to file frivolous complaints. *See Wakat v. City of Tulsa*, No. 24-cv-564-JDR-MTS, 2025 WL 1885663, at *4 (N.D. Okla. July 8, 2025).

## II

Mr. Wakat also moves to proceed in forma pauperis but failed to submit a complete, supporting affidavit with his motion. Dkt. 3. Without a complete affidavit, the Court is unable to determine if Mr. Wakat is financially able to prepay filing fees. The motion is therefore denied with leave to amend. Mr. Wakat has until August 18, 2025, to prepay the filing fee or file a complete, supporting affidavit. Mr. Wakat will also be required to complete, sign, and return to the Clerk of Court that same date two summonses (form AO-440) and two service of process forms (form USM-285) so that the Court can direct the United States Marshals Service to serve Defendants if the Court grants Mr. Wakat's amended motion to proceed in forma pauperis.

## III

Finally, Mr. Wakat seeks leave to file and receive documents electronically via the CM/ECF system. Dkt. 6. Federal Rule of Civil Procedure 5(d)(3)(B)(i) states that "[a] person not represented by an attorney may file electronically only if allowed by court order or by local rule[.]" Mr. Wakat

No. 25-cv-381

cites to the local rule for the United States District Court for the Southern District of Texas in his motion. This Court's local rules state that "[a]s a matter of routine practice, pro se parties will not be authorized to file electronically. If the Court permits, a pro se party may register as a CM/ECF user solely for purposes of the action." LCvR17-1(i). The Court does not find good cause to depart from the standard practice in this district, so Mr. Wakat's motion to file electronically is denied.

DATED this 30th day of July 2025.

*(signature)*

JOHN D. RUSSELL
*United States District Judge*